J-S29015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY LAMAR BLANKS | : | |
| | : | |
| Appellant | : | No. 263 WDA 2025 |

Appeal from the Judgment of Sentence Entered September 15, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001114-2021

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED:  October 7, 2025**

Appellant Anthony Lamar Blanks appeals *nunc pro tunc* from the judgment of sentence imposed after a jury convicted him of receiving stolen property (RSP), firearms not to be carried without a license, and possessing a firearm with an altered manufacturer's number.[1]  Appellant's current counsel (current counsel) has filed a petition to withdraw and an **_Anders_**/**_Santiago_**[2] brief.  After review, we grant the petition to withdraw and affirm Appellant's judgment of sentence.

By way of background, the record reflects that Appellant was arrested and charged with criminal homicide, criminal conspiracy, robbery, criminal attempt, RSP, firearms not to be carried without a license, and possessing a

---

[1] 18 Pa.C.S. §§ 3925(a), 6106(a)(1), and 6110.2(a), respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967); **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

firearm with an altered manufacturer's number.[3]  **See** Crim. Information, 5/27/21, at 1-4.  These charges arose from events surrounding the murder of Patric Phillips, which occurred on December 7, 2019.  **See id.**  The criminal information charged that Appellant and his co-defendants Marshawn Williams, Damarjon Dyshone Beason, and Derrick Dvoray Elverton conspired to rob Mr. Phillips at his house, and that Appellant provided a stolen 9 mm Ruger handgun with an obliterated manufacturer's number that was ultimately used to murder Mr. Phillips.  **See id.**

Appellant and his co-defendants were tried jointly.  Before the case went to the jury, Appellant's trial counsel made a motion for judgment of acquittal with respect to the charges of homicide, conspiracy, robbery, and criminal attempt arguing that unlike his co-defendants, Appellant was not present at Mr. Phillips' house.  **See** N.T., 6/8/22, at 94-99.  The trial court granted Appellant's motion for judgment of acquittal on those charges.  **See id.** at 109-110.  The remaining charges went to the jury, and as noted above, the jury convicted Appellant of RSP, firearms not to be carried without a license, and possessing a firearm with an altered manufacturer's number.  **See** N.T., 6/9/22, at 166-67.

On September 15, 2022, the trial court sentenced Appellant to a term of twenty-four to forty-eight months of incarceration for RSP, forty-two to

---

[3] 18 Pa.C.S. §§ 2501(a), 903, 3701(a)(1)(i), 901(a), 3925(a), 6106(a)(1), and 6110.2(a), respectively.

eighty-four months of incarceration for firearms not to be carried without a license, and forty-eight to ninety-six months of incarceration for possessing a firearm with an altered manufacturer's number. *See* N.T., 9/15/22, at 55. The trial court ordered Appellant to serve these sentences consecutively for an aggregate sentence of nine and one-half to nineteen years of incarceration. *See id.*

Appellant did not file post-sentence motions. On October 14, 2022, twenty-nine days after the judgment of sentence was imposed,[4] the Erie County Clerk of Courts received a *pro se* letter from Appellant, which was dated October 13, 2022, indicating that Appellant wanted trial counsel to file a direct appeal. *See Pro Se* Letter, 10/14/22. The trial court docket reflects that the Clerk of Courts forwarded Appellant's *pro se* letter to trial counsel. However, trial counsel did not perfect a timely direct appeal. Thereafter, Appellant filed a timely *pro se* petition for relief pursuant to the Post Conviction Relief Act[5] (PCRA). Current counsel was ultimately appointed and filed a counseled PCRA petition seeking the reinstatement of Appellant's direct appeal rights *nunc pro tunc*. The PCRA court granted Appellant's petition for PCRA relief and reinstated Appellant's direct appeal rights *nunc pro tunc*. *See* PCRA Ct. Order, 1/29/25.

---

[4] A notice of appeal is required to be filed within thirty days after the entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a).

[5] 42 Pa.C.S. §§ 9541-9546.

- 3 -

On February 28, 2025, current counsel filed a timely direct appeal *nunc pro tunc* and notice of intent to file a motion to withdraw and **Anders**/**Santiago** brief pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed a statement in lieu of a Rule 1925(a) opinion acknowledging that current counsel filed a Rule 1925(c)(4) statement and notice of intent to withdraw. **See** Trial Ct. Rule 1925(a) Statement, 3/14/25.

In the **Anders**/**Santiago** brief, current counsel concluded that there were no non-frivolous issues. **Anders**/**Santiago** Brief at 12-13. "When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an **Anders**/**Santiago** brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in **Santiago**, namely:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, current counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with a copy of the **Anders**/**Santiago** brief. **See Goodwin**, 928 A.2d at 290. Current counsel also provided this Court with a copy of the letter to Appellant informing

him of his rights. Moreover, current counsel's ***Anders***/***Santiago*** brief complies with the requirements of ***Santiago***, and the brief includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. ***See Santiago***, 978 A.2d at 361. Accordingly, we conclude that current counsel has met the technical requirements of ***Anders*** and ***Santiago***, and we will address the issue identified in the ***Anders***/***Santiago*** brief.

In the ***Anders***/***Santiago*** brief, current counsel identifies the following issue:

> Whether Appellant's trial counsel rendered ineffective as[s]istance such that [Appellant's] conviction must be overturned and a new trial ordered?

***Anders***/***Santiago*** Brief at 1 (formatting altered).

As noted above, although current counsel identified an issue concerning trial counsel's ineffectiveness, this matter is a direct appeal. As a general rule, criminal defendants may not assert claims of ineffective assistance of counsel on direct appeal. ***Commonwealth v. Holmes***, 79 A.3d 562, 563 (Pa. 2013). Rather, claims of ineffective assistance are typically deferred to collateral review under the PCRA. ***Id.*** The ***Holmes*** Court recognized two exceptions to the general rule that claims of ineffectiveness must await review under the PCRA: (1) where the claim of ineffective assistance of counsel "is apparent from the record and meritorious to the extent that immediate consideration

best serves the interests of justice," or (2) where there is good cause shown and the defendant expressly and knowingly waives his right to review under the PCRA. *Id.* at 563-64. Subsequently, our Supreme Court adopted a third exception that "requir[es] trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018).

Following our review, there is no indication that the ineffectiveness claim is apparent from the record and meritorious such that immediate consideration best serves the interests of justice. Further, Appellant has not established good cause and expressly waived his ability to seek PCRA relief, and Appellant has not asserted that he is statutorily precluded from PCRA relief. Accordingly, Appellant's claim of trial counsel's ineffectiveness is premature and must be deferred to collateral review. *See Holmes*, 79 A.3d at 563 (stating that "we hold that [the] general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel"). Because Appellant's ineffectiveness claim must await review under the PCRA, the issue is frivolous in the context of an *Anders/Santiago* brief. *See Commonwealth v. Tukhi*, 149 A.3d 881, 889 (Pa. Super. 2016) (holding that claims of ineffective assistance of counsel raised in an *Anders/Santiago* brief on direct appeal, which did not satisfy any exception to the general rule that such claims must await review under the PCRA, were frivolous); *see also Commonwealth v. Wright*, 2933 EDA

2024, 2025 WL 2105188, at *5 (Pa. Super. filed Jul. 28, 2025) (unpublished mem.) (same).[6],[7]

Further, our independent review of the record does not reveal any additional, non-frivolous issues on direct appeal. ***See Flowers***, 113 A.3d at 1250; ***see also Goodwin***, 928 A.2d at 291. For these reasons, we grant current counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/07/2025

---

[6] In ***Wright***, the Court noted that although it would not address the appellant's claims of ineffectiveness on direct appeal, the appellant could raise the claims in a timely filed PCRA petition. ***See Wright***, 2025 WL 2105188, at *5 n.6.

[7] ***See*** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).